# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| EDWIN BRAXTER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 13-0597-WS-M |
| KIMBROUGH BALLARD, *et al.*, | ) |
| Defendants. | ) |

# ORDER

This matter comes before the Court on review of the parties' filings to date regarding defendants' pending Motions to Dismiss. (*See* docs. 4, 5, 7, 8, 11.)

Plaintiff, Edwin Braxter, is proceeding *pro se* in this case. As pointed out by defendants' Motions to Dismiss, Braxter's barebones Complaint (doc. 1) is extremely difficult to follow. Indeed, it is impossible to discern from the Complaint what legal claims Braxter is asserting against defendants, much less on what supporting facts and circumstances he relies to lend plausibility to such causes of action. The Federal Rules of Civil Procedure require plaintiffs to make such a showing in the complaint itself. *See, e.g., Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint … must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."); Rule 8(a)(2), Fed.R.Civ.P. (complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief"). Braxter is not exempt from that requirement simply because he is proceeding without a lawyer. *See Williams v. Taylor*, 2010 WL 2025382, *3 (S.D. Ala. Apr. 26, 2010) ("a *pro se* litigant's allegations must meet the *Twombly* standard of plausibility"); *see generally Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted).

For his part, Braxter now appears to recognize that his Complaint in its current state is confusing, unhelpful, and non-compliant with governing pleading standards. Plaintiff's response

to the Motions to Dismiss indicates that defendants have "misconstrued" his Complaint, and requests that this Court "allow Plaintiff opportunity to file a first amended Complaint / clarify for all interested parties." (Doc. 11, ¶ 7.) Such clarification is absolutely necessary if Braxter intends to pursue this litigation against the named defendants. As pleaded, the Complaint falls far short of the fundamental requirement that it give the defendants fair notice of what legal claims are being brought against them and upon what factual grounds those claims rest. Under applicable law, it is generally true that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted).[1] Braxter has now requested just such an opportunity to amend his pleading.

On this record, the Court cannot categorically exclude the possibility that Braxter may be able to state cognizable claims against defendants via a more carefully drafted complaint. For that reason, and in deference to his *pro se* status, Braxter will be given one opportunity to amend his complaint to identify all legal claims he wishes to assert against defendants, and to plead those claims with sufficient specificity to satisfy Rule 8 and the *Twombly / Iqbal* precedents cited in defendants' briefs supporting their Motions to Dismiss. Braxter is cautioned that this Court cannot help him, draft his complaint for him, or overlook pleading defects in his filings merely because he is not represented by counsel. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (explaining that the leniency given *pro se* plaintiffs "does not give a court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action"). Braxter is further cautioned that he should not assume that he will be granted further opportunities to amend his pleading. If the

---

[1] *See also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *Jemison v. Mitchell*, 2010 WL 2130624, *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice."); *Wilson v. Selma Water Works and Sewer Bd.*, 2012 WL 512665, *3 n.1 (S.D. Ala. Feb. 15, 2012) (finding that unrepresented parties should be afforded an opportunity to correct pleading deficiencies where "it is at least possible that a more carefully drafted complaint might state a claim") (citation and internal quotation marks omitted).

amended complaint he chooses to file now remains legally and procedurally defective, this action may be dismissed with prejudice. Accordingly, plaintiff is strongly advised to consult with legal counsel for assistance in identifying, framing and pleading his claims in a manner that conforms to applicable pleading standards and rules of civil procedure.

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's request to file an amended complaint and to clarify his claims is **granted**;
2. Plaintiff must file his First Amended Complaint on or before **April 21, 2014**, failing which the court file will be closed and judgment will be entered dismissing this action without prejudice;
3. Defendants' answers or responsive pleadings to the First Amended Complaint must be filed on or before **May 5, 2014**;
4. Because the Complaint to which they relate will be superseded by Braxter's contemplated amended pleading, defendants' Motions to Dismiss (docs. 4, 7) are **moot**; and
5. The court file reflects that the Clerk's Office mailed plaintiff a copy of this District Court's *Pro Se* Litigant Guide on December 10, 2013. Plaintiff is expected to familiarize himself with that document and to conduct himself in accordance therewith for the remainder of these proceedings.

DONE and ORDERED this 7th day of April, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE