# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| EDWIN BRAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 13-0597-WS-M |
| ) | |
| KIMBROUGH BALLARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

On April 7, 2014, this Court entered an Order (doc. 12) identifying glaring pleading deficiencies in the Complaint filed by *pro se* plaintiff, Edwin Braxter. Specifically, the April 7 Order observed that, "[a]s pleaded, the Complaint falls far short of the fundamental requirement that it give the defendants fair notice of what legal claims are being brought against them and upon what factual grounds those claims rest." (Doc. 12, at 2.) Notwithstanding this defect, because Braxter requested an opportunity to amend his Complaint and because the undersigned could not categorically exclude the possibility that a more carefully drafted complaint might state cognizable claims against defendants, the April 7 Order afforded Braxter "one opportunity to amend his complaint to identify all legal claims he wishes to assert against defendants, and to plead those claims with sufficient specificity to satisfy Rule 8 and the *Twombly* / *Iqbal* precedents." (*Id.*) In that regard, the April 7 Order concluded with the directive that "Plaintiff must file his First Amended Complaint on or before **April 21, 2014**, failing which the court file will be closed and judgment will be entered dismissing this action without prejudice." (*Id.* at 3.)

The Clerk's Office mailed a copy of the April 7 Order to Braxter at his address of record (P.O. Box 991, Selma, AL 36701) on April 7, 2014, the same day it was entered. Eight days later, the U.S. Postal Service returned that mailing to the Clerk of Court bearing the notation, "Return to Sender / Insufficient Address / Unable to Forward." (Doc. 14.) On April 28, 2014, the Clerk's Office received a telephone call from Braxter concerning the returned mail. Braxter

reported that the address on file is indeed his correct mailing address, that he has been experiencing problems with receiving mail at that address, and that he does not know why the Postal Service returned the Clerk's Office mailing as undeliverable. After this communication, the Clerk's Office re-mailed the April 7 Order to Braxter's address of record on April 28, 2014. To date, the April 28 mailing has not been returned to the Clerk's Office and, again, Braxter has confirmed that this is indeed his correct mailing address; therefore, the Court assumes that the April 28 mailing was, in fact, delivered to Braxter's address of record more than two weeks ago.

This is a problem. Braxter has not filed anything in this case following entry of the April 7 Order. He has not attempted to amend his Complaint, as directed by the April 7 Order. He has not requested an enlargement of the deadline specified in the April 7 Order because of delays in receiving mail. He has done nothing, even though he is on notice that unless he filed his First Amended Complaint on or before April 21, 2014, this action was going to be dismissed and this file was going to be closed. Braxter's silence strongly suggests that he has abandoned his claims against the named defendants herein. Even if he does not intend to abandon this action, the facts remain that (i) his Complaint does not comport with minimum pleading requirements under the Federal Rules of Civil Procedure, (ii) Braxter has failed to avail himself of a full and fair opportunity to amend the Complaint to correct his pleading deficiencies after being specifically apprised of those defects via the April 7 Order, and (iii) Braxter did not comply with the clear directive in this Court's Order that he must amend his pleading.

In light of the foregoing circumstances, this action is **dismissed without prejudice** pursuant to Rule 12(b)(6), Fed.R.Civ.P., because the Complaint fails to state a claim on which relief can be granted. In the alternative, this action is **dismissed without prejudice** for the separate, independent reason that Braxter did not comply with the April 7 Order and made no attempt to amend his pleading when its defects were pointed out to him, all despite clear notice that failure to do so would result in the prompt dismissal of his lawsuit. A separate judgment will enter.

DONE and ORDERED this 16th day of May, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE